Theodore J. Boutrous, Jr., SBN 132099
tboutrous@gibsondunn.com
Andrea E. Neuman, SBN 149733
aneuman@gibsondunn.com
William E. Thomson, SBN 187912
wthomson@gibsondunn.com
Ethan D. Dettmer, SBN 196046
edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Herbert J. Stern (*pro hac vice* pending)
hstern@sgklaw.com
Joel M. Silverstein (*pro hac vice* pending)
jsilverstein@sgklaw.com
STERN & KILCULLEN, LLC
325 Columbia Turnpike, Suite 110
P.O. Box 992
Florham Park, NJ 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

Attorneys for Defendants CHEVRON CORPORATION and CHEVRON U.S.A., INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

The COUNTY OF SAN MATEO, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

CHEVRON CORP.; CHEVRON U.S.A., INC.; EXXONMOBIL CORP.; BP P.L.C.; BP AMERICA, INC.; ROYAL DUTCH SHELL PLC; SHELL OIL PRODUCTS COMPANY LLC; CITGO PETROLEUM CORP.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PEABODY ENERGY CORP.; TOTAL E&P USA INC.; TOTAL SPECIALTIES USA INC.; ARCH COAL, INC.; ENI S.p.A.; ENI OIL & GAS INC.; RIO TINTO P.C; RIO TINTO LTD.; RIO TINTO ENERGY AMERICA INC.; RIO TINTO MINERALS, INC.; RIO TINTO SERVICES INC.; STATOIL ASA;

CASE NO. _______________

**DECLARATION OF WILLIAM E. THOMSON IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANTS CHEVRON CORPORATION AND CHEVRON U.S.A., INC.**

[Removal from the Superior Court of the State of California, County of San Mateo, Case No. 17 CIV 03222]

Action Filed: July 17, 2017

ANADARKO PETROLEUM CORP.; OCCIDENTAL PETROLEUM CORP.; OCCIDENTAL CHEMICAL CORP.; REPSOL S.A.; REPSOL ENERGY NORTH AMERICA CORP.; REPSOL TRADING USA CORP.; MARATHON OIL COMPANY; MARATHON OIL CORPORATION; MARATHON PETROLEUM CORP.; HESS CORP.; DEVON ENERGY CORP.; DEVON ENERGY PRODUCTION COMPANY, L.P.; ENCANA CORP.; APACHE CORP.; and DOES 1 through 100, inclusive,

Defendants.

I, William E. Thomson, declare as follows:

1. I am an attorney admitted to practice law before all courts of the State of California and in the United States District Court for the Northern District of California. I am a Partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys responsible for the representation of Defendants Chevron Corporation and Chevron U.S.A., Inc. (collectively, the "Chevron Parties") in this matter. I make this declaration in support of the Chevron Parties' Notice of Removal, filed concurrently herewith. Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I have consulted with my clients, and I have been informed that Chevron Corp. and Chevron U.S.A., Inc. were served by Plaintiff County of San Mateo with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo on August 2, 2017. Attached hereto as **Exhibit A** is a true and correct copy of all process, pleadings, and orders from the state-court action being removed to this Court that have been served on the Chevron Parties. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" the Chevron Parties in the action.

3. Consent to this removal petition is not required as removal does not proceed "solely under 28 U.S.C. § 1441." 28 U.S.C. § 1446(b)(2)(A). The Chevron Parties have removed this action to federal court on several bases, including, for example 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1452.

4. Nevertheless, "all defendants who have been properly joined and served" consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A). Such consents were provided to counsel for the Chevron Parties in correspondence with the other served Defendants and/or their counsel. *See Proctor v. Vishay Intertechnology Inc*., 584 F.3d 1208 (9th Cir. 2009) (holding that "individual consent documents on behalf of each defendant" are not needed and "an averment of the other defendants' consent and signed by an attorney of record is sufficient"). All such Defendants were served on or after August 2, 2017.

5. The removal and/or consent to removal of this action is not intended to operate as an

admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any defense, affirmative defense, or objection, including personal jurisdiction.

6. As outlined in this Declaration, "all defendants who have been properly joined and served" consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Upon information and belief, based on correspondence with the remainder of the named Defendants and/or their counsel, they have not yet been properly joined or served in the action, and their consent to this removal is not needed. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective."); *Hernandez v. Ignite Restaurant Grp., Inc.*, 917 F. Supp. 2d 1086, 1089 (E.D. Cal. 2013) ("[T]here is no requirement for non-served defendants to join the petition for removal.") (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)); *Downs v. Monetary Mgmt. of Cal., Inc.*, No. C-00-0330, 2000 WL 335949, at *1 n.1 (N.D. Cal. Mar. 28, 2000) ("Those named as defendants but not yet served in the state court action need not join in the notice of removal.") (citing *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)). In the event that any such named Defendant has, in fact, already been properly joined and served, upon information and belief and based on correspondence with those named Defendants and/or their counsel, such Defendants consent to the removal of this action.

7. Attached hereto as **Exhibit B** is a true and correct copy of a Mineral Lease of Submerged Lands Under the Outer Continental Shelf Lands Act, Form MMS-2004 (June 1991).

8. Attached hereto as **Exhibit C** is a true and correct copy of an Oil and Gas Lease of Submerged Lands Under the Outer Continental Shelf Lands Act, Form BOEM-2005 (February 2017).

9. Attached hereto as **Exhibit D** is a true and correct copy of the June 19, 1944 Unit Plan Contract between the Navy Department and Standard Oil Company of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that I executed this Declaration on August 24, 2017, at Los Angeles, California.

/s/ William E. Thomson